# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | |
|---|---|
| **WILNANCY CANTILLO MONTERO,** | § |
| | § |
| *Petitioner*, | § |
| | § |
| **v.** | § |
| | § |
| **JOEL GARCIA, FIELD OFFICE** | § |
| **DIRECTOR OF ENFORCEMENT** | § |
| **AND REMOVAL OPERATIONS, EL** | § |
| **PASO FIELD OFFICE,** | § |
| **IMMIGRATION AND CUSTOMS** | §    No.  3:25-CV-00706-LS |
| **ENFORCEMENT; UNITED STATES** | § |
| **DEPARTMENT OF HOMELAND** | § |
| **SECURITY; KRISTI NOEM,** | § |
| **SECRETARY, U.S. DEPARTMENT OF** | § |
| **HOMELAND SECURITY; TODD** | § |
| **LYONS, ACTING DIRECTOR AND** | § |
| **SENIOR OFFICIAL PERFORMING** | § |
| **THE DUTIES OF THE DIRECTOR OF** | § |
| **U.S. IMMIGRATION AND CUSTOMS** | § |
| **ENFORCEMENT; PAMELA BONDI,** | § |
| **U.S. ATTORNEY GENERAL; and** | § |
| **WARDEN OF ERO EL PASO CAMP** | § |
| **EAST MONTANA,** | § |
| | § |
| *Respondents*. | § |

## ORDER DENYING MOTION FOR CHANGE OF VENUE OR VOLUNTARY DISMISSAL

Petitioner Wilnancy Cantillo Montero filed a petition for a writ of habeas corpus in this Court on December 19, 2025.[1] At the time, she was detained at ERO El Paso Camp East Montana in El Paso, Texas.[2] Petitioner states that she has now been transferred to Otero County Processing

---

[1] ECF No. 1.

[2] *Id.* at 2.

Center in Chaparral, New Mexico.[3] Therefore, Petitioner seeks either a transfer of her petition to the District of New Mexico or voluntary dismissal of her petition so that she may refile it there.[4]

Petitioner seeks to transfer her petition under 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." This petition could not have been brought originally in the District of New Mexico. However, Respondents' counsel has consented to the transfer.[5] Therefore, the Court must consider the factors laid out by the Fifth Circuit as to whether transfer is appropriate.

The party seeking a transfer must show good cause, which means, at a minimum, the movant must demonstrate that its chosen venue is clearly more convenient.[6] There are 4 private-interest factors to consider:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.[7]

There are also 4 public-interest factors:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.[8]

Petitioner has not identified any sources of proof that would be easier to access in New Mexico. Petitioner identifies only herself as a witness in the case, and Chaparral, New Mexico, is

---

[3] ECF No. 7 at 2.
[4] *See id.*
[5] *Id.* at 2.
[6] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).
[7] *In re Chamber of Com. of U.S.A.*, 105 F.4th 297, 304 (5th Cir. 2024).
[8] *Id.*

close to the El Paso Division of the Western District of Texas. Petitioner will be able to travel here relatively easily. Petitioner also argues that it will be more convenient for her attorneys, who reside and work in Albuquerque, New Mexico, to handle the petition in the District of New Mexico.[9] But Petitioner's attorneys chose to take a case in the Western District of Texas and thus are presumably prepared to travel here if necessary.

The public interest factors also do not weigh in favor of transfer. Many courts are currently congested with immigration habeas petitions. As an immigration petition addresses questions of federal law, there is no local interest in having the case heard in the District of New Mexico. Nor is the District of New Mexico more familiar with the law that will govern the case. And Petitioner has not identified any unnecessary problems of conflict of laws. Since Petitioner has not clearly demonstrated that her chosen venue is more convenient, the Court will exercise its discretion to deny the motion to transfer venue.

Alternatively, Petitioner seeks to dismiss her petition under Fed. R. Civ. P. 41(a)(2) so that she may refile it in the District of New Mexico.[10] Dismissing a case for forum non conveniens requires the same analysis of factors as in a motion to transfer and an even higher showing of inconvenience.[11] Therefore, the Court will deny the motion for voluntary dismissal for the same reasons as it denied the motion to transfer venue. Petitioner's motion for change of venue or voluntary dismissal [ECF No. 7] is denied.

**SO ORDERED**.

---

[9] ECF No. 7 at 2.
[10] *Id.*
[11] *O'Keefe v. Noble Drilling Corp.*, 347 F. App'x 27, 32 (5th Cir. 2009); *In re Volkswagen of Am., Inc.*, 545 F.3d at 314.

**SIGNED** and **ENTERED** on February 2, 2026.

LEON SCHYDLOWER
UNITED STATES DISTRICT JUDGE